UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND



Eastern District of Kentucky
FILED
JAN 0 6 2020
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

JAMES HARRISON,               )
                              )
    Plaintiff,                )          Civil No. 0: 19-81-HRW
                              )
v.                            )
                              )
LISA CRICK, et al.,           )          **OPINION & ORDER**
                              )
    Defendants.               )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court to review inmate James Harrison's amended

complaint.[1] [D. E. Nos. 20, 21].[2] Because Harrison has substantially disregarded

the Court's prior guidance regarding the deficiencies in his original complaint [*see*

D. E. No. 16], the Court will dismiss it for failure to comply with an Order of the

Court and for the reasons set forth below.

---

[1]  See 28 U.S.C. §§ 1915(e)(2), 1915A.  When testing the sufficiency of the plaintiff's
complaint, the Court affords it a forgiving construction, accepting as true all non-
conclusory factual allegations and liberally construing its legal claims in the plaintiff's
favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).  A district
court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which
relief may be granted, or seeks monetary relief from a defendant who is immune from such
relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

[2]  Harrison mailed five pages of his amended complaint separately [D. E. No. 21] after he
discovered that he had forgotten to include them in the original packet. The Court treats
these two documents as collectively constituting Harrison's amended complaint.

1

## BACKGROUND

Harrison filed his original complaint, spanning 60 pages and naming 132 defendants, in the United States District Court for the Western District of Kentucky. *Harrison v. Crick*, No. 5:19-CV-75-TBR (W.D. Ky. 2019). [D. E. No. 1] The Western District later severed all of the claims asserted against defendants residing in this district on grounds of improper joinder and improper venue and transferred them to this Court. [D. E. Nos. 12, 17][3]

This Court then entered an Order advising Harrison of numerous deficiencies with his complaint, including: (1) the misjoinder of claims against 95 defendants working at four different institutions for events occurring at different places and times; (2) the failure to comply with Federal Rule 8's requirement that claims be set forth in a manner that is "short and plain"; (3) the assertion of claims barred by the statute of limitations; (4) the failure to plead conspiracy with particularity; and (5) the effect of Harrison's prior assertion of these claims in a dozen prior state cases, including under principles of preclusion or abstention.[4] The Court therefore ordered

---

[3] The Western District later dismissed all of Harrison's claims retained in that action on the ground that they are barred by the statute of limitations or otherwise fail to state a claim upon which relief may be granted. *Harrison*, No. 5:19-CV-75-TBR (W.D. Ky. Sept. 12, 2019).

[4] The Court has since reviewed the online dockets in each of the cases Harrison filed in the Kentucky courts, and all but one case remain pending. That obviates any concern on preclusion grounds, but it does implicate abstention concerns. Nonetheless, the Court cannot definitively conclude that *Colorado River* abstention is warranted under the

Harrison to file a new, amended complaint fixing these problems. In doing so, it specifically ordered him to "use a separate numbered paragraph for each named defendant, and in that paragraph set forth clearly and succinctly the factual and legal basis for the claim against him or her." Finally, the Court cautioned Harrison that his complaint would be dismissed without prejudice if he failed to comply. [D. E. No. 16] Having thoroughly reviewed Harrison's amended complaint, it must be dismissed for several reasons.

## FAILURE TO ADEQUATELY PLEAD CLAIMS

Harrison did not heed the Court's directions in his "amended/supplemental complaint." Harrison's amended complaint spans 23 pages and names 52 defendants[5], asserting claims from events occurring at several different prisons over

---

circumstances presented here. See *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361-62 (1989).

[5] Harrison's amended complaint omits any claims against the following defendants named in his original complaint: Rodney Ballard, Jason Bambel, Amy Barker, Adam Bear, Marcus Benjamin, Allison R. Brown, Jason Chamber, Keith Helton, Scott Coons, David E. Crawford, Melisa Dixon, Seam Goddard, Wiley Goode, Jonathan Grate, James David Green, Teresa Gullitt, Conner Hall, Michelle D. Harrison, Trevor Howell, Terry Jenkins, Marcus Jones, C. Keldie, Frederick Keman, Richard D. Lilly, Melanie Lowe, Steven C. Meadows, Edward Monahan, James Preston, Anthony Robinson, Gary Robinson, Jonathan Rooney, David Rowland, W. Sanders, Ryan Savage, Amanda Scott, Kim Short, Joshua Smith, John Vaught, Cody Wallace, Christopher Webb, Randy White, Larry Williams, Sonya Wright, David Young, and Peggy Adams. In addition, David Rowland is listed as a defendant at the top of the amended complaint [D. E. No. 20 at 5], but Harrison makes no allegations or claims against him in the body of it. The claims against these defendants will therefore be dismissed without prejudice.

the course of five years. [D. E. No. 20 at 3-6] It also sweeps with a broad brush, describing the nature of his claims only in conclusory terms and omitting any explanation of the factual basis for those claims save for a handful of instances. [D. E. No. 20 at 7-23]

As the Court previously noted, Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to set forth his claim against each defendant in a manner that is sufficiently clear and concise in order to permit the defendant to understand what he or she allegedly did that gave rise to the plaintiff's claim, as well as the nature of the right the plaintiff contends was violated. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."). That threshold is low, especially for a *pro se* plaintiff, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but it isn't nonexistent. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008) ("Neither the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each claim for relief. It is Plaintiffs' responsibility to edit and organize their claims and supporting allegations into a manageable format.").

In his original complaint, Harrison asserted all of his claims against all of the defendants without any such specification. [D. E. No. 1-1 at 41-56] The amended

complaint identifies the defendants in separate paragraphs, but with only a few exceptions, it fails to supply the facts giving rise to the claims against them, a requirement clearly delineated in the Court's prior Order.[6] Harrison's disregard of the Court's prior Order is by itself sufficient ground to dismiss the complaint without prejudice. *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court.").

Even without prior direction from the Court, any court is empowered to dismiss without prejudice an excessively wordy or confusing complaint because such complaints "make[] it difficult for the defendant to file a responsive pleading and make[] it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (holding that 199-page, 385-paragraph complaint "violated the letter and spirit of Rule 8(a)"); *see also I.M. Hofmann v. Fermilab NAL/URA*, 205 F. Supp. 2d 900, 902 (N.D. Ill. 2002) (dismissing plaintiff's rambling 113-page complaint for violating Rule 8(a)).

---

[6] For example, paragraph 62 states in its entirety: "Defendant Abe Felton on December 14, 2017 on DR#:EKCC-2017-05274 as part of a joint campaign of IIED and retaliation to deprive me legal redress breached his ministerial duties and duties, protective liberties and due process owed me under the First, Fifth, and Fourteenth Amendments of the U.S. Const."

In most instances Harrison asserts only a legal claim accompanied by only an incomplete or incomprehensible factual reference.[7] But a court is not obligated to accept a legal claim masquerading as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Because "the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations," *Kamppi v. Ghee*, 208 F.3d 213 (table), 2000 WL 303018, at *1 (6th Cir. May 14, 2000), such claim-based pleading fails to satisfy Rule 8(a). *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008) ("More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements."). Applying these principles paragraph-by-paragraph to Harrison's complaint, the Court finds that the plaintiff's allegations against nearly all of the defendants are insufficient under Rule 8 and warrant dismissal without prejudice.[8]

## IMPROPER JOINDER AND CONSPIRACY

[7] Paragraph 6 is illustrative: "Defendant Sarah J. Prater conducting the Adjustment officer's function violated the First Amendment right under the U.S. Const. when she acted in concert of a campaign of retaliation against Plaintiff on September 13, 2015, March 13, 2017 by concealing DR#: EKCC-2014-02969 knowing it to be false and written in retaliation and forcing me to sign illegal waiver documents under duress and coercion on or about March 13, 2017 and July 2017 and December 2017."

[8] The only arguable exceptions include some, but not all, of Harrison's allegations against defendants Rose L. Settle, Roger K. Elam, Taunya Carpenter, Darren Elam, Barry Frisby, Adam Patton, Timothy Doublestein, Brian Hillman, S. Spence, Daniel Park, and Abe Felton.

Second, the Court previously noted that Harrison's claims against over fifty defendants are not properly joined in one action because they do not arise out of the same transaction or occurrence or series thereof. Instead, Harrison's pleading complains of different events involving different defendants at separate places and times. Such claims are not properly joined. *Wheeler v. Wexford Health Sources, Inc.*, 689 F. 3d 680, 683 (7th Cir. 2012) ("a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim # 1 against Defendant A, and claim # 2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.' Rule 20(a)(1)(A)."). The fact that Harrison is a prisoner is not a sound reason to disregard or weaken this requirement. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions - should be rejected if filed by a prisoner.").

Harrison attempts to tie all of his disparate claims together by asserting that all of the defendants acted as part of a conspiracy by more than fifty defendants at four different locations to deprive him of his rights. [D. E. No. 20 at 3] But Harrison offers no factual support at all for this allegation, instead liberally sprinkling his complaint with unexplained assertions that various defendants acted "in concert" or

as part of an undefined "campaign" to violate his rights. A civil conspiracy claim under § 1983 requires more: it requires "an agreement between two or more persons to injure another by unlawful action." *Memphis, Tennessee Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F. 3d 898, 905 (6th Cir. 2004). At the pleading stage, the complaint must plead enough *facts* to support a reasonable inference "that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Boxill v. O'Grady*, 935 F. 3d 510, 519 (6th Cir. 2019). Harrison pleads no facts at all to support his claim that each defendant was actively engaged in a conspiracy against him, and thus fails to adequately state any claim of conspiracy against the defendants. *Twombly*, 550 U.S. at 566 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy"); *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (indicating that "'[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'") (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). The Court therefore finds that Plaintiff's conspiracy claim does not survive initial review, and that his various claims are not properly joined in one complaint.

Of course, improper joinder is a basis to drop improperly-joined defendants or sever claims against them, not dismiss the case. Cf. *Roberts v. Doe*, 2017 WL 3224655, at *2 (6th Cir. Feb. 28, 2017). Here, however, severing defendants and claims into one or more new civil cases would not only be administratively burdensome, but it would essentially doom the severed claims. Harrison is now subject to § 1915(g)'s three-strikes bar in light of the Western District's recent dismissal of his complaint in that Court, see [D. E. No. 16 at 5-6 and note 3, *supra*], and he is almost certainly unable to be able to pay the entire filing fee up front for each new case. The Court therefore proceeds to further review of Harrison's claims.

## STATUTE OF LIMITATIONS

As the Court has previously noted, most of Harrison's claims are barred by the statute of limitations. It has long been established that the limitations period to assert a civil rights claim under § 1983 for events occurring in Kentucky is one year. *King v. Harwood*, 852 F. 3d 568 (6th Cir. 2017) (citing *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)). The same limitations period applies to conspiracy claims, whether asserted under 42 U.S.C. § 1985 or directly under Kentucky law. *Huang v. Presbyterian Church (U.S.A.)*, 346 F. Supp. 2d 961, 974 (E.D. Ky. 2018) ("Kentucky's one-year statute of limitations for conspiracies, KRS 413.140(1)(c), applies to 42 U.S.C. § 1985 actions because it is most analogous to

the § 1985 actions.") (quoting *Eubank v. Collins*, No. CIV.A. 11-326-C, 2012 WL 245234, at *1 (W.D. Ky. Jan. 26, 2012)).

Harrison signed his complaint on May 15, 2019, and for limitations purposes it is deemed filed on that day. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). A limitations bar therefore potentially applies to claims arising from events occurring before May 15, 2018. Of course, the limitations period is tolled while a prisoner affirmatively and diligently exhausts administrative remedies as required by federal law. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Assuming without deciding that Harrison actually did so, under the Kentucky Department of Corrections' Inmate Grievance Procedure, CPP 14.6, this should take no more than sixty-six (66) days.[9] See CPP 14.6(II)(J). Therefore civil rights claims accruing before March 9, 2018, are definitively time barred. See *Cuco v. Federal Medical Center-Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668, at *25-26 (E.D. Ky. June 9, 2006), *aff'd and remanded sub nom.*, 257 F. App'x 897 (6th Cir. 2007). The only § 1983 claims in Harrison's complaint which could be timely asserted are those against defendants Taunya Carpenter (¶¶25, 29), Michael Finch (¶27), Terry Hall (¶28), Maria L. Lonchar (¶36), Anthony Gillian (¶37), Adam Patton (¶40), Timothy

---

[9] Or no time at all, as Harrison alleges KDOC placed him on grievance restrictions "in some situations," [D. E. No. 21-1 at 2], rendering the grievance process unavailable to him. CPP 14.6(II)(E). Without a grievance process to exhaust, no tolling is warranted.

Doublestein (¶41), Cagney Spencer (¶42), David Bradley (¶43), Jami Elam (¶44), Alan Long (¶45), Jennifer Tracy (¶74), James Erwin (¶75), and Dedi Lewis (¶77). The § 1983 claims against all other defendants were not asserted within one year and will be dismissed with prejudice as time barred.[10]

## FAILURE TO ADEQUELY PLEAD OR STATE A CLAIM

Of the claims that are not self-evidently time barred, as set forth above all but three (those against Taunya Carpenter, Adam Patton, and Timothy Doublestein) are subject to dismissal without prejudice for failure to adequately plead a claim for relief under Rule 8(a). See note 8, *supra*. And all of the remaining civil rights claims are subject to dismissal for failure to state a claim. For instance, Harrison alleges that Terry Hall investigated and Michael Finch reviewed a disciplinary report that they should have known was "false." [D. E. No. 20 at 10-11] But neither officer initiated the disciplinary report, and Harrison offers no *facts* to explain why either of them should have known of the report's falsity or what, if any, harm he suffered

---

[10] These include the claims against defendants Rose L. Settle, Sarah J. Prater, Patricia A. Howell, Jeremy E. Waters, Jerry R. Howard, Kathy Litteral, Steven V. Havens, Roger K. Elam, Christopher J. Banks, Shawn Fallen, Donald R. Lewis, John L. Tincher, Daryl W. Thompson, Kevin Dennis, Christopher Taulbee, Eric Cox, Skyler Adams, Ron Cantrell, Darren Elam, Margaret Jenkins, Barry Frisby, Donna Miller-Reed, Brian Hillman, James Back, James E. Whitt, Paul Hinton (variously referred to with the last names Hinton, Hilton and Helton), S. Spence, Daniel Park, Abe Felton, Brian Bishop, Roger Gillespie, Whitley Jones, Brittany Patton, Shelbi Helton, Michael H. Smith, Ivan D. Krow, II, Carl C. Davis, and Carla Sparks.

as a result of the report. More fundamentally, Harrison's allegations do not state a

claim for relief under Rule 12. As the Sixth Circuit has recently explained:

> "[A] prisoner has no constitutional right to be free from false
> accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132
> (6th Cir. 2003). To the extent that false accusations of misconduct
> implicate due process concerns, the false charges "do not constitute a
> deprivation of constitutional rights where the charges are subsequently
> adjudicated in a fair hearing." *Cromer v. Dominguez*, 103 F. App'x
> 570, 573 (6th Cir. 2004).

*Brown v. McCullick*, 2019 WL 5436159, at *4 (6th Cir. Apr. 23, 2019). In addition,

courts have applied *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983) to hold that false

testimony by an officer during prison disciplinary proceedings is not sufficient to

establish a due process violation. Cf. *Mitchell v. Senkowski*, 158 F. App'x 346, 349

(2d Cir. 2005); *Thomas v. Calero*, 824 F. Supp. 2d 488, 499 (S.D.N.Y. 2011).

Finally, Harrison makes only a conclusory claim of emotional harm as a result, and

that is not an adequate basis upon which to ground liability: federal law bars damage

claims asserted by prisoners for purely emotional harm. 28 U.S.C. § 1997e(e) ("No

Federal civil action may be brought by a prisoner ... for mental or emotional injury

suffered while in custody without a prior showing of physical injury."). The statute

prohibits damage claims where, as here, the alleged violation does not cause physical

injury.

Next, Harrison contends that in October 2017 Maria L. Lonchar and Anthony

Gilliam approved his transfer to a different prison knowing it was "false or

fraudulent" to "cause me harm in my litigation efforts."[11]  [D. E. No. 20 at 12-13]

Harrison also asserts claims against KDOC Classification Branch Manager Jennifer

Tracy based upon her later review of the transfer authorization, as well as against

KDOC Commissioner James Erwin based upon his response to Harrison's

grievances regarding the same in March and April 2018, although Harrison's

complaint does not state or even suggest what those defendants allegedly did wrong.

[D. E. No. 20 at 22-23; D. E. No. 20-17]  Harrison makes similar allegations

regarding a July 2018 "false and/or fraudulent transfer authorization document"

against Cagney Spencer, David Bradley, Jami Elam, and Alan Long.  [D. E. No. 20

at 14-15; D. E. No. 20-16]

Again, Harrison makes no effort to explain why or how the transfers were

"false" or "fraudulent," or why these officers should have known that there was

anything amiss with the transfer request.  Nor does he give any insight into how this

would have interfered with his participation in his state court cases or the exercise

of his religious beliefs.  These claims are not sufficiently pled under Rule 8.  The

---

[11] Harrison alleges that these defendants approved his transfer on October 19 and 23, 2019, but those dates are one week *after* Harrison signed and mailed his amended complaint making the allegation in the first place. See [D. E. No. 21-2]  In addition, Harrison refers to Exhibit P with respect to these claims, but those documents [D. E. No. 20-16] relate to a different transfer authorization occurring over one year earlier in March 2018 and not involving either Lonchar or Gilliam.  Other documents Harrison attached to the complaint establish that the transfer approval about which he complains actually occurred in October 2017, not October 2019.  See [D. E. No. 20-20].  Harrison's claims against Lonchar and Gilliam are therefore time-barred and must be dismissed with prejudice.

allegations also fail to state a claim under Rule 12. Harrison's transfer, standing alone, cannot be "wrongful" because an inmate has no liberty interest protectable under the Due Process Clause to be assigned to any particular prison. *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) (holding that the Due Process Clause not implicated by assignment of prisoner to any prison within a state or by transfer to another institution); *Newell v. Brown*, 981 F.2d 880, 883 (6th Cir. 1992), *cert. denied*, 510 U.S. 842 (1993). Harrison does not contend that as a result of his transfer that he suffered concrete and demonstrable harm to a non-frivolous legal claim as required to state a claim for interference with his right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (adequate pleading of access-to-courts claim requires allegation of actual injury to specific claim, allegation of the facts and the law in the underlying claim, and demonstration that underlying claim was non-frivolous) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)); *Clark v. Johnston*, 413 F. App'x 804, 812 (6th Cir. 2011). Harrison cites to the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq*. ("RLUIPA"),[12] but he does not set forth what his religious beliefs are, what religious practices were implicated,

---

[12] RLUIPA does not authorize a cause of action against individual defendants, but only against government entities, and only for injunctive relief – not damages – at that. 42 U.S.C. § 2000cc-2(a). The Court discusses Harrison's RLUIPA claims because he has sued all of the defendants in both their individual and official capacities.

or allege facts indicating that the exercise of his religious beliefs was substantially burdened as required to state a claim under that statute. *Barhite v. Caruso*, 377 F. App'x 508, 511 (6th Cir. 2010); *Cutter v. Wilkinson*, 423 F.3d 579, 583 (6th Cir. 2005). Finally, a warden or superior administrative official is not liable for the actions of subordinates merely by reviewing or denying an administrative grievance regarding the underlying conduct. *Alder v. Corr. Medical Services*, 73 F. App'x. 839, 841 (6th Cir. 2003). These claims, too, will be dismissed for failure to state a claim.

Harrison separately alleges that in September 2018 Dedi Lewis "destroyed my partial plate" to retaliate against him because he attempted to obtain medical treatment. [D. E. No. 20 at 23] Harrison makes no effort to explain what a "partial plate" is, and without that explanation his claim does not make any sense. Nor does his unexplained allegation that Lewis's actions were prompted by a desire to retaliate state a viable claim where he does not identify the protected conduct he engaged in and does not provide any circumstances that would warrant an inference of retaliatory motive by Lewis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012). This claim will likewise be dismissed.

Harrison next states that he believes that Taunya Carpenter retaliated against him for using the law library and filing grievances by "directing the initiation" of a disciplinary report against him in January 2019 [D. E. No. 20 at 10], although

Carpenter's name is not on the report itself [D. E. No. 20-14]. He further alleges that Carpenter discriminated against him in July 2018 by giving a prison job to an African-American inmate. *Id.* at 11. As with Harrison's retaliation claim against Lewis, his claim against Carpenter simply alleges retaliation without providing any particulars regarding the grievance(s) he believes prompted the retaliation, and he does not set forth any facts which might support an inference of improper motive by Carpenter. Absent such necessary allegations, Harrison fails to state a viable claim of retaliation. Cf. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012); *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004); *Watson v. Rozum*, 834 F. 3d 417, 422 (3d Cir. 2016).

With respect to his claim of discrimination regarding a prison job, Harrison does not allege that he is a member of any particular class, let alone a suspect one. Thus, under rational basis review, see *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby.* 470 F.3d 286, 298 (6th Cir. 2006), Harrison was required to allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Harrison did not allege that he was similarly situated to others, especially the inmate who received the prison job he desired, nor did he allege that Carpenter's selection of the other inmate was wholly irrational. The absence of those allegations and the facts to support them

necessitates dismissal. Cf. *Center for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011); *Tate v. Davis*, No. 1: 12-CV-790, 2013 WL 53761, at *2-3 (W.D. Mich. Jan. 3, 2013).

Finally, Harrison alleges that Adam Patton wrote an "incident report" charging him with eating regular food at the cafeteria instead of the food from his Kosher tray, and that Timothy Doubblestein falsely claimed that he had a prior infraction of the Kosher diet program's rules in order to remove him from the Kosher diet program.[13] Harrison contends that Patton and Doublestein did so to retaliate against him for filing lawsuits and prevented him from exercising his religious beliefs. [D. E. No. 20 at 13-14] While Harrison refers to the initiating document authored by Patton as an "incident report," the document is titled an "Occurrence Report" and did not charge Harrison with a disciplinary offense. [D. E. No. 20-13 at 6] In light of Patton's report, Doubblestein issued a memorandum advising Harrison that this was his second violation of Kosher diet program rules within a one-year period, and that under program rules he was required to be terminated from the program for one year. *Id*. at 5, 11.

---

[13] The documents attached to the complaint reinforce, rather than undermine, Doubblestein's assertion that Harrison was continuously a participant in the Kosher diet program during the period in question notwithstanding a clerical error that occurred when he was transferred from another prison in January 2018. [D. E. No. 20-13 at 10]

Like Harrison's other retaliation claims, he alleges that Patton and Doubblestein acted to retaliate against him, but does not explain what specific protected activity prompted the alleged retaliation, and he offers no factual basis to support a retaliatory motive. These allegations fail to state a viable retaliation claim. *Muhammad*, 379 F.3d at 417-18. Harrison also presses a free exercise claim under RLUIPA with respect to these allegations, but he fails to plead that the defendants received federal funding or that he suffered a substantial burden to the free exercise of his religious beliefs that did or would affect "commerce with foreign nations, among the several States, or with Indian tribes." The absence of such necessary allegations necessitates dismissal. *Ephraim v. Angelone*, 313 F. Supp. 2d 569, 575 (E.D. Va. 2003); *Murray v. Kansas Dept. of Corr.*, No. 07-3276-EFM, 2009 WL 1617664, at *3 (D. Kan. June 9, 2009). In addition, the interference with his ability to consume Kosher foods was occasioned by Harrison's own failure to abide by the Kosher diet program's rules for participation. Harrison's allegations thus fail to state a claim under both the First Amendment, *Russell v. Wilkerson*, 79 F. App'x 175, 178 (6th Cir. 2003) (holding that state prison officials did not violate inmate's First Amendment free exercise rights when they revoked inmate's participation in kosher meals program after he stole and purchased non-kosher food items; revocation was rationally related to legitimate penological interest in maintenance of prison discipline in facility), and under RLUIPA, cf. *Blumenthal v. Armstrong*, No. 2:08-

CV-273, 2010 WL 1265905, at *1, 4-5 (W.D. Mich. Feb. 10, 2010), *report and recommendation adopted*, 2010 WL 1265964 (W.D. Mich. Mar. 29, 2010) (holding that defendants properly removed the plaintiff from participation in the prison's kosher diet program because he had purchased non-kosher foods during his time at the facility and at prior locations where he had been incarcerated). This claim will also be dismissed.

## SUPPLEMENTAL JURISDICTION

In addition to his federal claims, Harrison also asserts claims arising under Kentucky law, including for the intentional and/or negligent infliction of emotional distress. However, where a federal court exercises jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(c) solely by virtue of supplemental jurisdiction and the federal claims have been dismissed prior to trial, the court will generally decline to retain jurisdiction over the state law claims. *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In deciding whether to proceed, a district court considers the interests of judicial economy and the avoidance of multiplicity of litigation, and balances those interests against needlessly deciding state law issues. *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Given the early stage of the proceedings in this case, and noting that most of Harrison's state court cases related to many of these claims remain pending in the state courts, the Court

finds that consideration of the relevant factors weigh against the continued exercise of supplemental jurisdiction. The Court will therefore dismiss without prejudice all state law claims that have been asserted against any defendant who has been dismissed from this proceeding through operation of this Opinion and Order.

Accordingly, it is **ORDERED** as follows:

1.    The federal civil rights claims asserted against defendants Rose L. Settle, Sarah J. Prater, Patricia A. Howell, Jeremy E. Waters, Jerry R. Howard, Kathy Litteral, Steven V. Havens, Roger K. Elam, Christopher J. Banks, Shawn Fallen, Donald R. Lewis, John L. Tincher, Daryl W. Thompson, Kevin Dennis, Christopher Taulbee, Eric Cox, Skyler Adams, Ron Cantrell, Darren Elam, Margaret Jenkins, Barry Frisby, Donna Miller-Reed, Brian Hillman, James Back, James E. Whitt, Paul Hinton (or "Hilton" or "Helton"), S. Spence, Daniel Park, Abe Felton, Brian Bishop, Roger Gillespie, Whitley Jones, Brittany Patton, Shelbi Helton, Michael H. Smith, Ivan D. Krow, II, Carl C. Davis, Carla Sparks, Terry Hall, Michael Finch, Maria L. Lonchar, Anthony Gilliam, Jennifer Tracy, James Erwin, Cagney Spencer, David Bradley, Jami Elam, Alan Long, Dedi Lewis, Taunya Carpenter, Adam Patton, and Timothy Doublestein are **DISMISSED**, with prejudice.

2.    The federal civil rights claims asserted against defendants Rodney Ballard, Jason Bambel, Amy Barker, Adam Bear, Marcus Benjamin, Allison R. Brown, Jason Chamber, Keith Helton, Scott Coons, David E. Crawford, Melisa

Dixon, Seam Goddard, Wiley Goode, Jonathan Grate, James David Green, Teresa Gullitt, Conner Hall, Michelle D. Harrison, Trevor Howell, Terry Jenkins, Marcus Jones, C. Keldie, Frederick Keman, Richard D. Lilly, Melanie Lowe, Steven C. Meadows, Edward Monahan, James Preston, Anthony Robinson, Gary Robinson, Jonathan Rooney, David Rowland, W. Sanders, Ryan Savage, Amanda Scott, Kim Short, Joshua Smith, John Vaught, Cody Wallace, Christopher Webb, Randy White, Larry Williams, Sonya Wright, David Young, Peggy Adams, and David Rowland are **DISMISSED**, without prejudice.

3.      Any and all non-federal claims asserted in the complaint against all defendants are **DISMISSED**, without prejudice.

4.      The Court will enter an appropriate judgment.

5.      This matter is **STRICKEN** from the docket.

This the 6th day of ~~December, 2019~~. January 2020

Signed By:

*Henry R. Wilhoit, Jr.*
United States District Judge